# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| TONYA L. INGELS, | § | |
|     PLAINTIFF | § | |
| | § | CIVIL ACTION NO. _____ |
| V. | § | |
| | § | |
| JOE H. MCCALL AND COWS & | § | JURY |
| CRITTERS, LLC, | § | |
|     DEFENDANTS | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiff, **Tonya L. Ingels** ("Ms. Ingels") is an individual and a citizen of the State of Louisiana.

2. Defendant, **Joe H. McCall** ("Mr. McCall"), is an individual and a citizen of the State of Mississippi whose residence is located at 5021 Highway 29, Petal, Mississippi 39465, and who may be served with process through the Texas long-arm statute by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street, Austin, Texas 78701 as defendant's agent for service of process because defendant was a party to a collision or accident while operating a motor vehicle in Texas.

3. Defendant, **Cows & Critters, LLC** ("Cow & Critters"), is a Georgia limited liability company whose members are citizens of the State of Georgia and whose home office is located at 3302 Toccoa Highway, Clarkesville, Georgia 30523 and whose Registered Agent for Service of Process in Georgia is: United States Corporation Agents, Inc., 1420 Southlake Plaza Dr., Morrow, Georgia 30260, and it may be served with process through the Texas long-arm statute by serving the Chairman of the Texas Transportation Commission at 125 E. 11th Street,

Austin, Texas 78701 as defendant's agent for service of process because defendant was a party to a collision or accident while operating a motor vehicle in Texas and/or it engaged in business in Texas and it committed a tort in Texas and/or its employee and/or agent committed a tort in Texas, and it does not maintain a regular place of business in Texas or a designated agent for service of process in Texas.

## B.  JURISDICTION

4. The Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different States and the amount in controversy exceeds $75,000, excluding interest and costs.

## C.  VENUE

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district and arise out of vehicular accidents that occurred in this district.

## D.  FACTS

6. On or about October 23, 2020, Mr. McCall, an employee of Cows & Critters, was driving an 18-wheeler tractor-trailer owned by Cows & Critters in the right-hand lane westbound on Interstate Highway 20 in Harrison County, Texas.  Mr. McCall's trailer was loaded with approximately 75 head of cattle that were being transported by Cows & Critters.

7. While attempting to change lanes to the left-hand lane, Mr. McCall negligently drove the left-side tires of his vehicle over the edge of the interstate and into the median.  Mr. McCall lost control of his vehicle and the 18-wheeler flipped and overturned onto its left side in the median between the westbound and eastbound lanes of Interstate Highway 20.

8. Mr. McCall received a Citation from the investigating officer for Failure to Drive in a Single Lane.

9. As a result of the crash and Mr. McCall's negligence, several cows escaped from the trailer of the 18-wheeler and began roaming free along Interstate Highway 20 and in the median between the eastbound and westbound lanes of Interstate Highway 20.

10. On or about December 5, 2020, Ms. Ingels was driving her vehicle westbound on Interstate Highway 20 when, suddenly and without warning, one of the cows that had escaped in the October 23, 2020 accident ran from behind a group of trees in the median directly into the path of Ms. Ingels' vehicle causing a violent collision with Ms. Ingels' vehicle. Ms. Ingels suffered severe and permanent injuries in the collision.

### E. NEGLIGENCE

11. Mr. McCall had a duty to exercise ordinary care and operate his vehicle reasonably and prudently. Mr. McCall operated his vehicle negligently and breached his duty to exercise ordinary care. Mr. McCall's negligence was a proximate cause of Plaintiff's injuries and damages. Mr. McCall breached his duty to exercise ordinary care in one of more of the following ways:

    a. Failing to operate his 18-wheeler safely

    b. Failing to pay attention when operating his 18-wheeler

    c. Failing to take evasive action to avoid the accident

    d. Driving the tires of his vehicle off the Interstate and into the median

    e. Failing to maintain proper control over his vehicle

    f. Overturning his 18-wheeler into the median of Interstate Highway 20

    g. Allowing the cattle he was transporting to escape along Interstate Highway 20

  h.  Failing to take proper and immediate action to secure the cattle that escaped from his vehicle

  i.  Allowing escaped cattle to remain unsecured, and roaming freely along Interstate Highway 20, for several weeks after the accident

  j.  Violating provisions of the Texas Transportation Code and state and federal law

  k.  Any and all other acts of negligence that caused Plaintiff's injuries and damages.

12. Each of these acts and omissions by Mr. McCall is a proximate cause of the accidents and Plaintiff's injuries and damages.

13. The 18-wheeler driven by Mr. McCall was owned by Cows & Critters. Mr. McCall was an employee and/or agent of Cows & Critters. Cows & Critters is therefore liable for the negligent acts of Mr. McCall and for Plaintiff's injuries and damages under Texas law, including under the doctrine of *respondeat superior*.

14. Cows & Critters had a duty to exercise ordinary care and act reasonably and prudently to take prompt and reasonable action to secure the cattle that escaped from Mr. McCall's vehicle and prevent the cattle from roaming along Interstate Highway 20 and potentially causing accidents with other vehicles.

15. Cows & Critters breached its duty of ordinary care and failed to act reasonably and prudently because it failed to take prompt and reasonable action to secure the cattle that escaped in the October 23, 2020 accident to prevent those cattle from posing risks to motorists traveling on Interstate Highway 20, including Ms. Ingels.

16. As a result of Cows & Critters' negligence, a cow that had escaped in the October 23, 2020 accident and that remained unsecured ran directly in front of Ms. Ingels' vehicle causing a violent collision with her vehicle that resulted in serious injuries and damages for which Ms. Ingels seeks recovery in this case.

17. The negligence of Cows & Critters is a proximate cause of the accident involving Ms. Ingels that occurred on December 5, 2020 and of her injuries and damages that resulted from the accident.

### F.  NEGLIGENT HIRING, SUPERVISION, TRAINING, RETENTION

18. Cows & Critters is liable for Plaintiff's injuries and damages because of its negligent hiring, supervision, training, and/or retention of the persons involved in these accidents.

### G.  NEGLIGENT ENTRUSTMENT

19. Cows & Critters negligently entrusted the vehicle involved in the October 23, 2020 accident to Mr. McCall, whose negligent operation of the vehicle caused Plaintiff's injuries and damages.

### H.  DAMAGES

20. Defendants' negligence and wrongful conduct caused Plaintiff to suffer injuries and damages for which she seeks recovery from Defendants in this case.

21. Plaintiff seeks unliquidated damages in an amount that is within the jurisdiction of the Court.

### I.  EXEMPLARY DAMAGES

22. Plaintiff also seeks the recovery of exemplary damages from Defendants under Chapter 41 of the Texas Civil Practice & Remedies Code and/or under applicable provisions of Texas and federal law.

### J.  CONDITIONS PRECEDENT

23. All conditions precedent have been performed or have occurred for recovery by Plaintiff in this action.

## K.  DEMAND FOR JURY TRIAL

24. Plaintiff demands a jury trial in this case.

## PRAYER

For these reasons, Plaintiff asks that Defendants be cited to appear and answer and that Plaintiff have judgment against Defendants for the following:

a. Physical pain and suffering in the past and future;

b. Mental anguish and suffering in the past and future;

c. Disfigurement in the past and future;

d. Physical impairment in the past and future;

e. Loss of enjoyment of life in the past and future;

f. Medical expenses in the past and future;

g. Lost earnings;

h. Loss of earning capacity in the past and future;

i. Property damage;

j. Actual damages;

k. Exemplary damages;

l. Prejudgment and postjudgment interest;

m. Costs of suit; and

n. All other relief, in law and in equity, to which Plaintiff may be entitled.

Respectfully submitted,

/s/Jack F. Burleigh
Jack F. Burleigh
Attorney at Law
Texas Bar No. 03419600
3602 Timberside Circle Dr.
Houston, TX 77025
Telephone: (713) 651-3010
Fax: (713) 651-3015
Email: burleighlaw@sbcglobal.net
**ATTORNEY FOR PLAINTIFF,
TONYA L. INGELS**